FILED
SUPERIOR COURT
OF GUAM

2020 OCT 27 PM 5: 10

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GIAN CAMILLE P. CAPATI, | Civil Case No. CV0132-20 |
| Plaintiff, | |
| v. | **DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** |
| JACKIELYN L. DESEO, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon submission of Defendant Jackielyn L. Deseo's ("Defendant's") Motion to Dismiss Complaint ("Motion"). Attorney Rachel Taimanao-Ayuyu represents Plaintiff Gian Camille P. Capati ("Plaintiff"), and Attorney Jacques G. Bronze represents Defendant. Having duly considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order and **GRANTS IN PART** Defendant's Motion.

## BACKGROUND

Plaintiff filed his Verified Complaint ("Complaint") on February 11, 2020. Plaintiff's action arises out of an alleged promissory note that the parties executed in August 2013 to secure a loan from Plaintiff. Compl. at 1-2. As a result of the alleged failure to repay the money tendered to Defendant pursuant to the promissory note, Plaintiff asserts three causes of action against Defendant: breach of contract, constructive fraud, and unjust enrichment.

Defendant filed the instant Motion on June 5, 2020. In her Motion, Defendant asks for dismissal of the Complaint on the following grounds: (1) that Plaintiff's claims are barred by the applicable statutes of limitations; (2) that Plaintiff's second and third causes of action are

insufficiently pled; (3) Plaintiff's constructive cause of action violates the economic loss rule; and (4) Plaintiff is not entitled to an award of punitive damages.

Plaintiff filed his Opposition to Motion to Dismiss ("Opposition") on July 10, 2020. Plaintiff asserts that (1) the Servicemembers Civil Relief Act ("SCRA") tolls the applicable statutes of limitations and (2) that should the Court find that the Complaint is insufficient, leave to amend should be granted. Opp'n at 2, 4. Plaintiff also submitted alongside his Opposition the Declaration of Glenna Capati-Sotto which included an exhibit of Whatsapp messages between Plaintiff and Defendant.

Defendant filed her Reply Memorandum ("Reply") on July 24, 2020.[1] Defendant argues: (1) the Declaration of Glenna Capati-Sotto should be stricken; (2) Plaintiff has insufficiently pled facts to support tolling the statutes of limitations under the SCRA; (3) Plaintiff was not in the military during the applicable time of the statutes of limitations; and (4) leave to amend would be futile because the deficiencies complained of cannot be cured. Defendant submitted the Declaration of Jacques G. Bronze which included exhibits indicating Plaintiff's military service dates. Defendant also requests that the Court convert her Motion to a Motion for Summary Judgment under Guam Rule of Civil Procedure ("GRCP") 56. Reply at 5.

The Court issued CVR 7.1 Form 3 on July 29, 2020 indicating oral arguments were unnecessary for the instant Motion. The Court subsequently took the matter under advisement.

## DISCUSSION

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Guam law only requires a short and plain statement of the claim showing entitlement to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 52. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. The Court must also

---

[1] Defendant's Reply Memorandum is stamp-filed July 30, 2020. However, Defendant received instructions from the Courts and Ministerial Office to deliver the filing to one of the staff, which Defendant did on July 24, 2020. As such, while Defendant's Reply is time-stamped July 30, 2020, the Court acknowledges that Defendant timely filed her Reply on July 24, 2020.

construe the pleadings in a light most favorable to the non-movant and resolve all doubts in the non-movants favor. *First Haw. Bank v. Manley*, 2007 Guam 2 ¶ 9.

## I. The Court declines to convert Defendant's Motion to Dismiss to a Motion for Summary Judgment.

Whenever a court considers extraneous materials outside of the pleadings, the court must convert the 12(b)(6) dismissal motion into a summary judgment motion under Guam Rule of Civil Procedure 56. GRCP 12(b); *see also Newby*, 2010 Guam 4 ¶ 18. Rule 12(b) provides that when converting a motion to dismiss under 12(b) into a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." GRCP 12(b). The purpose of such a rule is to ensure that "no litigant will be taken by surprise by the conversion." *Riffle v. C.J. Hughes Const. Co.*, 703 S.E.2d 552, 560 (Va. 2010) (interpreting a conversion provision in the West Virginia Rules of Civil Procedure similar to GRCP 12(b)).

Here, both parties introduced matters outside of the pleadings. Plaintiff, alongside his opposition, submitted the Declaration of Glenna Capati-Sotto. Defendant, alongside her reply, submitted the Declaration of Jacques G. Bronze which included nine exhibits of the "DOD Manpower Data System" for various dates related to the instant litigation. While Defendant has had the opportunity to consider and respond to the Declaration of Glenna Capati-Sotto, Plaintiff has not had the opportunity to respond to the declaration and exhibits submitted by Defendant in her reply brief. If the Court were to consider the extraneous materials submitted alongside Defendant's reply, Plaintiff would be unfairly disadvantaged in that Plaintiff will not have had a fair opportunity to respond to the materials presented.

Therefore, the Court declines to consider the matters outside of the pleadings from both parties and declines to convert Defendant's Motion to Dismiss under Rule 12(b)(6) to a Motion for Summary Judgment under Rule 56.

## II. Plaintiff has not sufficiently pled the tolling of the applicable statutes of limitations pursuant to the Servicemember Civil Relief Act.

Plaintiff, in his Complaint, asserts three causes of action: breach of contract, constructive fraud, and unjust enrichment. Compl. at 1-3. Plaintiff's breach of contract claim is subject to a four-

year statute of limitations. *See* 7 G.C.A. § 11303(a). Plaintiff's constructive fraud claim is subject to a three-year statute of limitations. *See* 7 G.C.A. § 11305(d). As Plaintiff's unjust enrichment claim is based in fact in Plaintiff's constructive fraud claim, Defendant asserts this cause of action is subject to the same three-year statute of limitations as Plaintiff's constructive fraud claim. Mot. at 14. Plaintiff makes no argument regarding this argument.

Regarding Plaintiff's breach of contract claim, Defendant asserts that the cause of action accrued on the date the promissory note became due, November 2, 2013, or on the date until which an extension to pay was granted, January 30, 2014. Mot. at 2-3. Defendant asserts that the Plaintiff's cause of action expired on January 30, 2018 at the latest. Defendant argues that the clock for Plaintiff's constructive commenced in October 2014 when Plaintiff alleged Defendant wrote a check which returned for insufficient funds. *Id.* at 4. As such, Plaintiff's constructive fraud claim expired in October 2017. Assuming, *arguendo*, that Plaintiff's unjust enrichment claim expired at the same time as Plaintiff's constructive fraud claim, such a claim would also expire in October 2017. Plaintiff did not file his Complaint until February 11, 2020.

Plaintiff argues that the Servicemembers Civil Relief Act ("SCRA") is applicable here and tolls the statutes of limitations referenced above. Opp'n at 2. The SCRA provides that:

> The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

50 U.S.C.A. § 3936. This provision applies to the territory of Guam. *See* 50 U.S.C.A. § 3912(a)(3). Plaintiff asserts that the statutes of limitations began to toll in October 2014, "a year after the promissory note was to be repaid." Plaintiff alleges in his Complaint that "Plaintiff is currently serving in the armed forces and is currently assigned in a work location in Europe." Compl. at 1. The Complaint is void of any other details of Plaintiff's military service.

The Court finds that Plaintiff has not sufficiently pled facts to support a finding that Plaintiff is currently engaged in active military service to toll the applicable statutes of limitations under the SRCA. Notably missing from Plaintiff's Complaint are the dates during which Plaintiff has been

engaged in active military service. While it may be true that Plaintiff is serving in the armed forces and is stationed in Europe, the dates of service from 2014 until now are important for the Court to make a determination as to whether Plaintiff's causes of action have tolled. Such facts must be affirmatively pled. *See Amsden v. Yamon*, 1999 Guam 14 ¶ 15.

Therefore, the Court grants Defendant's Motion on the grounds that the applicable statutes of limitations for all three causes of action have passed. However, the Court, as explained in Section VI below, grants Plaintiff's request for leave to file an Amended Complaint pursuant to GRCP 15.

**III.  Plaintiff has not sufficiently pled his constructive fraud and unjust enrichment causes of action.**

a. *Constructive Fraud*

Defendant asserts that Plaintiff's claim of constructive fraud has been pled insufficiently as Plaintiff failed to allege the necessary elements of constructive fraud. Mot. at 4. The elements of constructive fraud are: "(1) a fiduciary relationship; (2) non-disclosure; (3) intent to deceive; and (4) reliance and resulting injury (causation)." *Gayle v. Hemlani*, 2000 Guam 25 ¶ 41 (quoting *General Am. Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1126 (N.D. Cal. 1991)). The term "fiduciary relationship" has been used synonymously with the term "confidential relationship." *Id.*

Here, Plaintiff alleged in his Complaint that "Defendant is the mother of Plaintiff's close childhood friend." Compl. at 2. The Court finds that this allegation is insufficient to establish the fiduciary/confidential relationship contemplated in *Gayle*. The alleged fact that Defendant is the mother of Plaintiff's close childhood friend is simply too vague and broad to be reasonably interpreted as fiduciary/confidential relationship protected under 18 G.C.A. § 85309. Further, the Complaint is void of any allegation regarding the element of reliance. Absent the necessary allegations of constructive fraud, the Court must strike this count.

Next, Defendant asserts Plaintiff failed to plead the elements of the cause of action with the specificity required under GRCP 9(b). Mot. at 6. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." GRCP 9(b). "Constructive fraud, like actual fraud, must be pleaded with specificity." *Knox v. Dean*, 140 Cal. Rptr. 3d 569, 584 (Cal. App. 2012). The Guam Supreme Court has noted several rulings over the

years which have helped court identify sufficient and insufficient pleadings of fraud in *Taitano v. Calvo Finance Corp.*, 2008 Guam 12. For example, "'[w]hile statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.'" *Id.* ¶ 15 (quoting *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "Similarly, allegations based entirely on information and beliefs do not usually satisfy the particularity requirement of Rule 9(b)." *Id.* (citing *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).

A number of allegations in Plaintiff's Complaint run afoul of Rule 9(b)'s requirement that Plaintiff's constructive fraud claim be pled with specificity, those being:

- ¶ 10. "Defendant coaxed and convinced Plaintiff to invest Plaintiff's life savings, at the time, for a profitable return through the interest in a loan repayment."

- ¶ 11. "Upon information and belief, Defendant never intended to repay her loan from Plaintiff."

- ¶ 12. "After writing a bad check for the remainder balance . . . Defendant used her personal relationship with Plaintiff, as the mother of Plaintiff's close friend, to continue her misrepresentation that she would repay her obligations with time extensions by Plaintiff."

Compl. at 2-3. Paragraph 10 lacks specific facts regarding how Defendant "coaxed and convinced" Plaintiff to loan Defendant his money. Paragraph 11's allegation of a lack of intent to pay back the loan to Plaintiff lacks specific facts, and Plaintiff's assertion that the allegation is made "upon information and belief" does not save it. Paragraph 12 lacks specific facts regarding the continued misrepresentations that Defendant would pay back her alleged obligation to Plaintiff. As these allegations run afoul of Rule 9(b) of the GRCP, the Court must strike this count.

Therefore, the Court grants Defendant's Motion on the grounds that (1) the constructive fraud claim has not sufficiently pled the necessary elements and (2) the allegations discussed lack particularity required under GRCP 9(b). However, the Court, as explained in Section VI below, grants Plaintiff's request for leave to file an Amended Complaint pursuant to GRCP 15.

\

\

b. *Unjust Enrichment*

Defendant argues that Plaintiff's unjust enrichment cause of action should be dismissed as it was not pled in the alternative. Mot. at 11. "The elements for a claim of unjust enrichment are receipt of a benefit and unjust retention of the benefit at the expense of another." *Lyles v. Sangadeo-Patel*, 171 Cal. Rptr. 3d 34, 40-41 (Cal. App. 2014). "The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched." *Id.* A California Appellate court succinctly explains the impropriety of pleading an unjust enrichment claim alongside a breach of contract claim without pleading the former in the alternative:

> Although a plaintiff may plead inconsistent claims that allege both the existence of an enforceable agreement and the absence of an enforceable agreement, that is not what occurred here. Instead, plaintiff's breach of contract claim pleaded the existence of an enforceable agreement and their unjust enrichment claim did not deny the existence of enforceability of that agreement. Plaintiffs are therefore precluded from asserting a quasi-contract claim under the theory of unjust enrichment.

*Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 331-32 (Cal. App. 2012).

While Plaintiff may choose which claims to assert against Defendant, pleading a breach of contract claim alongside an unjust enrichment claim, without pleading the latter in the alternative, is improper. Pleading both the existence, enforceability, and violation of a written contract while alleging the absence of the same leads to inconsistent pleading. If Plaintiff intends to proceed on both causes of action, Plaintiff is required to plead them in the alternative. *See* GRCP 8(e)(2).

Therefore, the Court grants Defendant's Motion on the grounds that the unjust enrichment claim was not pled in the alternative. However, the Court, as explained in Section VI below, grants Plaintiff's request for leave to file an Amended Complaint pursuant to GRCP 15.

**IV.  Plaintiff's constructive fraud cause of action does not violate the economic loss rule.**

Defendant argues that Plaintiff's tort claims must be dismissed as they violate the "economic loss rule." The Guam Supreme Court noted the applicability of the economic loss rule on Guam. *See Gov. of Guam v. Kim*, 2015 Guam 15 ¶ 26. The Superior Court of Guam has succinctly described the rule as it applies to breach of contract claims:

> While a tort consists of a wrong to another's legal right, if the right exists only in consequence of a relation established by contract, or is based solely upon the terms

of the contract itself, a tort action cannot be maintained for a breach of that right, because a mere breach of contract cannot be converted into a tort.

Decision and Order at 15, *Ghura Hous. & Renewal Auth. v. Guam Capital Invest. Corp.*, CV0150-08 (Oct. 10, 2011). Further, "[i]n order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself." *Murphy Oil Corp. v. Weir*, 244 S.E.2d 146, 147 (Ga. Ct. App. 1978).

Here, while it is true that a breach of contract claim in itself does not create a tort claim, Plaintiff's second cause of action is for constructive fraud. Compl. at 2. Constructive fraud is a cause of action based in statute. *See* 18 G.C.A. § 85309. As such, while the underlying factual dispute is based in the contractual breach, Plaintiff's cause of action attempts to allege a breach of duty imposed by law in 18 G.C.A. § 85309.

Therefore, the Court finds that Plaintiff's constructive fraud cause of action does not violate the economic loss rule.

## V.    Plaintiff has not alleged sufficient facts to warrant an award of punitive damages.

Defendant argues that Plaintiff's Complaint is void of allegations sufficient to warrant an award of punitive damages. Mot. at 15. Awards for punitive damages are limited in nature:

> In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

20 G.C.A. § 2120. Defendant asserts that "since this whole case is centered around the breach of a promissory note, a written contract . . . no punitive damages can be awarded." Mot. at 15. This is not entirely true since Plaintiff attempted (although at this point not successfully) to allege a cause of action of unjust enrichment. As such, the Court finds that Plaintiff's third cause of action is a sufficient basis for Plaintiff to allege an award of punitive damages.

While punitive damages are potentially appropriate given the unjust enrichment claim in the Complaint, Plaintiff has not pled facts sufficient to warrant such an award. Plaintiff's third cause of action does not allege any facts to suggest Defendant is "guilty of oppression, fraud, or malice,

express or implied." 20 G.C.A. § 2120. Such allegations are necessary to warrant an award of punitive damages.

Therefore, the Court grants Defendant's Motion on the grounds that Plaintiff has not pled facts sufficient to warrant an award of punitive damages. However, the Court, as explained in Section VI below, grants Plaintiff's request for leave to file an Amended Complaint pursuant to GRCP 15.

## VI.    The Court grant's Plaintiff's request for leave to amend his Complaint.

Plaintiff requests that "should the court be inclined to find insufficiencies in the complaint, it should allow Plaintiff to cure those insufficiencies with leave to amend." Opp'n at 6. "GRCP 15 allows for amendment to pleadings 'by leave of the court or by written consent of the adverse party' and states that 'leave shall be freely given when justice so requires.'" *M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 41. Leave to amend should be freely granted absence findings of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (interpreting GRCP 15's federal counterpart).

The Court finds that the present circumstances warrant leave to amend. There is no indication that Plaintiff is seeking leave based on undue delay, bad faith, or dilatory motive. This is Plaintiff's first request for leave to amend his Complaint. This case is in the early stages of litigation as Defendant has not yet filed an answer. The amendments sought should cure the deficiencies in the Complaint as explained in Sections II, III, and V.

Therefore, the Court grants Plaintiff's request for leave to file an Amended Complaint pursuant to GRCP 15.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Defendant's Motion. The Court **GRANTS** Defendant's Motion to Dismiss on the grounds that Plaintiff's Complaint: (1) the applicable statutes of limitations for all three causes of action have passed; (2) the constructive fraud claim has not sufficiently pled the necessary elements and the allegations discussed lack

particularity required under GRCP 9(b); (3) the unjust enrichment claim was not pled in the alternative; and (4) Plaintiff has not pled facts sufficient to warrant an award of punitive damages. The Court **DENIES** Defendant's Motion to Dismiss on the grounds that Plaintiff's constructive fraud cause of action does not violate the economic loss rule. The Court **GRANTS** Plaintiff's request for leave to file an Amended Complaint pursuant to GRCP 15. The Court **ORDERS** that Plaintiff file an Amended Complaint within fourteen (14) days of the issuance of this Decision and Order.

**IT IS SO ORDERED** this October 27, 2020.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**